[L. A. No. 3446.    Department Two.—April 2, 1915.]

ESCONDIDO MUTUAL WATER COMPANY (a Corporation), Respondent, v. CITY OF ESCONDIDO (a Municipal Corporation), Appellant.

Mutual Water Company—Municipality as Stockholder—Limitations on Right to Supply of Water—Company Not a Public Service Corporation.—A mutual water company, organized to distribute the water which it controlled to its stockholders at cost and ratably in the proportion which their shares of stock bore to the total issued stock of the company, is not charged with the public duty of supplying to a municipal corporation that was one of its stockholders water in excess of the proportionate amount to which

it was entitled as a stockholder, on the theory that the company having undertaken to furnish water for municipal purposes, was obligated to continue to do so in accordance with the needs of the municipality up to the capacity of the company's ability to supply water, if the only water that the company ever voluntarily furnished the municipality was the proportionate share to which it was entitled as such stockholders, and all excess of water which it received was taken by it from the company by force and against the company's protest.

ID.—SUCCESSOR TO FRANCHISES AND ASSETS OF DISSOLVED IRRIGATION DISTRICT.—Such mutual water company, by becoming the successor in interest of the franchises and physical assets of a prior irrigation district upon its dissolution, does not become obligated to furnish water for municipal purposes to such city situated within the limits of the former irrigation district, if the latter was at no time engaged in the diversion, collection, storing, and distribution of water as a public service corporation, and only stored and distributed water to the inhabitants and landowners of the district in accordance with the law governing the use of waters controlled by such irrigation district.

ID.—DETERMINATION OF PUBLIC USE IN WATERS.—A public use in waters may cease and determine, and this may be accomplished by consent of all parties in interest, or by operation of law.

ID.—PUBLIC USE IN WATERS—RIGHT TO CONTINUED USE—ABANDONMENT OF USE.—It is only the use of water appropriated for sale, rental, or distribution which is a public use under section 1 of article XIV of the constitution, and while it is true that when any water has been so devoted to a public use, the public, and each individual member thereof as a part of the public, has a right to the continued use of that water, so that the use may not be changed to the injury of those entitled to rely upon its continuance, and, if abandoned by the purveyors of the use, may be taken over to the end that the use may be continued, it by no means follows, that the public use impressed upon any particular water supply may not be abandoned.

ID.—ACQUISITION OF STOCK BY MUNICIPALITY—ULTRA VIRES.—If the acquisition by the municipality of the stock in such mutual water company was *ultra vires* and void, the water company would be under no legal compulsion to supply the municipality with any water whatsoever.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

J. C. Hizar, and A. M. Thompson, for Appellant.

Wright & Winneck, for Respondent.

HENSHAW, J.—Plaintiff pleaded that it is a mutual water company, organized under the laws of the state of California; that the defendant, at the time of plaintiff's organization, subscribed for, purchased, and ever since has been the owner of a given number of shares of its capital stock; that by virtue of the law of its creation and by virtue of its by-laws, it was plaintiff's duty to apportion the water which it controlled and allot it to its stockholders in the proportion which their shares of stock bore to the total issued stock of the company; that it so did and notified defendant of the amount of water to which the latter would be entitled for the year beginning on the first day of May, 1911; that by August, 1911, the defendant had used and consumed all of the water which it was entitled to receive from plaintiff; that plaintiff notified defendant of this fact, and further informed defendant that it was entitled to receive no more water unless it secured the right to additional water by the purchase of additional stock. Defendant refused to consider this suggestion and plaintiff caused defendant's supply of water to be shut off. Whereupon defendant, through its town marshal, turned on the supply and continued to use additional water, in violation of the law and of the rights of plaintiff. Plaintiff, as a mutual water company, secures, impounds, and distributes water to its stockholders ratably and at cost. By the law of its creation it is not a corporation organized for profit, and this illegal and unwarranted taking by defendant of plaintiff's water is to the great injury of plaintiff's other stockholders, the trustee for all of whom plaintiff is. Plaintiff prayed for an injunction to restrain these illegal acts. The complaint was verified. Defendant answered by denial. It admitted and pleaded that it did own the shares of stock of plaintiff which plaintiff asserted that it owned, but denied that it owned them in any other way "except as a mere incident to the land held by said city for public purposes, and that said stock is appurtenant to the land so held by the city of Escondido." Affirmatively it alleged that "the Land & Town Company of Escondido constructed the water system in the city of Escondido; that thereafter the Escondido Irrigation District purchased said system, and that said Escondido Irrigation District purchased water and constructed a reservoir, all of which water was held in trust for distribution in the district of which the city of Escondido is a part. That

said water so impounded was sold to the inhabitants of said district; that thereafter the plaintiff became the purchaser of the holdings of the Escondido Irrigation District; that said water so obtained by plaintiff is subject to all the conditions impressed by the laws of the state of California thereon; that the said plaintiff has continued to furnish water to numerous parties in the city of Escondido in the same manner in which the same was furnished and under all of the conditions as the same was furnished by the Escondido Irrigation District. That the city of Escondido, exercising its functions as a municipal corporation, constructed a sewer system; that after said sewer system was constructed said city applied to the plaintiff for water to flush said sewer system; that thereupon the said plaintiff connected said sewer system with the pipes of plaintiff and has continued ever since to furnish water to plaintiff for said sewer system. That as compensation for said water so furnished by plaintiff the city of Escondido has paid all bills presented by said water company for such water so furnished, and the bills for such service have been presented since the filing of this suit and paid by the city of Escondido to the thirtieth day of November, 1911. That the city of Escondido owns no shares of the capital stock of the plaintiff corporation in connection with said sewer system, or in any manner connected therewith. That the city of Escondido does own certain shares of stock in the plaintiff corporation which were delivered to the city of Escondido in connection with certain real estate owned by said city, and not otherwise.'' The court found all of the allegations of the complaint true. Touching the affirmative defense of defendant it found: ''That plaintiff did, during the year 189.., acquire the reservoir and distributing system now owned by it from the Escondido Irrigation District; that at all times prior to the transfer of said reservoir and distributing system to the Escondido Mutual Water Company the said Escondido Irrigation District was engaged in the diversion, storing, and distribution of water as an irrigation district under the laws of the state of California, and was at no time engaged in the diversion, collection, storing and distribution of water as a public service corporation; that at all times since the organization of the Escondido Mutual Water Company and the transfer to it of the reservoir and distributing system referred to in said complaint and answer, said Mutual Water

Company has diverted, stored, and distributed water to the city of Escondido and its inhabitants under its by-laws, rules, and regulations, for cost only and not for profit. That the said city of Escondido, defendant herein, has not purchased water from the plaintiff for its sewer system, and that said defendant, the city of Escondido, has used only the water which was apportioned to it by the Escondido Mutual Water Company, by the resolution referred to in its complaint, making the annual apportionment of water for the year 1911 and ending April 30, 1912, and such additional water as said defendant took from plaintiff's system without plaintiff's consent.'' In addition to these findings it was stipulated ''that in 1886 the Escondido Land and Town Company laid certain pipes in the city of Escondido, or the then town of Escondido, and that through that pipe-line, or pipe-lines, it supplied water to the inhabitants of the town from wells located near the city; that some years later, to wit: about the year 1895, the Escondido Irrigation system was organized under what was then known as the Wright Irrigation Act, now known as the Bridgeford Act, and that subsequent to its organization it took over the wells and pipe-line that had been laid by the Land and Town Company; that the Escondido Irrigation District filed upon and appropriated and diverted and impounded water from the San Luis Rey River and distributed water to the inhabitants of the Escondido Irrigation District through its aqueducts and from its reservoir located about six miles from the city of Escondido until the year 1905; that during that year, under proceedings brought by the Escondido Irrigation District, under the act of 1903, known as an act to provide for the dissolution of irrigation districts, the Escondido Irrigation District was dissolved by a decree of court, from which no appeal was taken. That the Escondido Mutual Water Company was formed the same year by authority of the same act, being the act of the legislature providing for the dissolution of irrigation districts, passed in the year 1903, for the express purpose of taking over the franchises, distributing system and all of the assets of the Escondido Irrigation District; that a sale was made by the Escondido Irrigation District of its franchises and all its assets, including the distributing system, and all the pipeline which has been constructed by the Land and Town Company, to the Escondido Mutual Water Company. That that

sale was approved by the court and thereafter the distribut-
ing system, franchises and all of the property became the
property of the Escondido Mutual Water Company. The
city of Escondido was part of the Escondido Irrigation Dis-
trict and is now within the territory supplied with water by
the Escondido Mutual Water Company.''

Appellant's primary and principal contention is that re-
spondent is charged with the public duty of supplying to
appellant such water as it may require for municipal pur-
poses. In short, that respondent is a corporation which has
undertaken to perform this particular character of public ser-
vice and may be compelled to continue to do so in accordance
with the needs of the municipality up to the capacity of re-
spondent's ability to supply water. Under this general head
appellant's argument is twofold, one branch of it being that
plaintiff has voluntarily undertaken the duty of furnishing
defendant with water for its inhabitants and for municipal
purposes, such as the flushing of its sewers, and having en-
gaged in this public enterprise, under familiar principles, will
be compelled to continue in the performance of the duty so
long as it controls the water supply devoted to that use. This
contention, however, may be disposed of by a brief reference
to the findings, which are abundantly supported and which
establish that the only water which the plaintiff ever volun-
tarily furnished to defendant was the proportionate share of
water to which it was entitled by virtue of its relationship to
plaintiff as one of its stockholders, and that all excess of
water which defendant may have received was taken from
plaintiff by defendant by force and against plaintiff's pro-
test. Certainly no such right as that contended for can arise
under this state of facts.

The second branch of the argument is to the effect that as
the Escondido Land & Town Company had laid certain pipes
through which the water was carried for the supplying of the
inhabitants of the town of Escondido, and as by mesne con-
veyance the plaintiff has acquired the water-rights, franchise,
pipes, and pipe-line of this company, this acquisition was
subject always to the public use impressed upon these proper-
ties and franchises of the Escondido Land & Town Company.
Or, in other words, that it became the continuing duty of the
Escondido Irrigation District, which first acquired these
properties, and so in turn plaintiff's, which acquired the

properties of the Escondido irrigation system, to perform the public service which the Escondido Land & Town Company had taken upon itself to discharge. Here, again, it may be pointed out that the findings negative this argument, for it is distinctly found that the Escondido Irrigation District "was at no time engaged in the diversion, collection, storing and distribution of water as a public service corporation," and that it stored and distributed water to the inhabitants and landowners in accordance with the law governing the use of waters controlled by such irrigation district.

It would be sufficient here to point out that a public use in waters may cease and determine, and that this may be accomplished by consent of all parties in interest, or by operation of law. It is to be borne in mind that it is only the use of water appropriated for sale, rental, or distribution which is a public use under the constitution (art. XIV, sec. 1) and while it is true that when any water has been so devoted to a public use, the public, and each individual member thereof as a part of the public, has a right to the continued use of that water, so that the use may not be changed to the injury of those entitled to rely upon its continuance, and, if abandoned by the purveyors of the use, may be taken over to the end that the use may be continued, it by no means follows, as said in *Fellows* v. *City of Los Angeles*, 151 Cal. 52, [90 Pac. 137], that the public use impressed upon any particular water supply may not be abandoned. A simple illustration will make clear our meaning. A man has developed water from wells and springs upon his own land and has devoted that water to the public service of a nearby town. He is using the water for rental, distribution, and sale. He has impressed it with this public use. Should he undertake to sell his supply the purchaser would buy it with the burden of this use attached. Should he sell his lands the purchaser of the lands, if he acquired the water by that purchase, would take them under the same burden. But the time comes when the municipality acquires a separate and independent supply, and itself engages in the business of furnishing its inhabitants as well as itself with water. It and its inhabitants absolutely discontinue the use of the other supply. The owner or controller of it finds that he can no longer dispose of it by rental, distribution, and sale. Can it be doubted that he is entitled to apply this water to beneficial purposes upon his own land, and that

the public use, with which theretofore it had been impressed, has absolutely ceased? So in this case, while there is no direct finding upon the question, every inference to be drawn from the findings made is that there was such or a similar abandonment upon the part of the town of Escondido of the right to such water as the Escondido Land & Town Company had been supplying. This inference, we say, necessarily follows from the specific finding that the irrigation district was at no time engaged in the distribution of water as a public service corporation. And this finding coupled with the evidentiary fact that the Escondido Land & Town Company secured water from wells and that the wells for years had been abandoned, confirms the view we have just stated.

But it is not necessary even to go so far. It certainly is manifest from the findings that the city of Escondido and the Escondido Mutual Water Company entered into a contractual adjustment of the matter, which adjustment was evidenced by the city becoming a stockholder of the plaintiff; that the result of this was that the city agreed to take water from the plaintiff under the mutual plan, by which plan alone the plaintiff could legally furnish water. The *quantum* of water to which it was entitled was governed by the law of plaintiff's creation and by the by-laws under that law which it had adopted. It is idle for appellant to contend that because it had been receiving water under this arrangement plaintiff had dedicated to defendant's use all of the water which defendant's growing needs might require, to the last drop which it might be able to impound. Equally futile is appellant's argument that its acquisition of this water stock for the indicated purposes was *ultra vires.* Appellant uses this argument in an effort to show that as it had no right to acquire the stock, so it had no right to take the water as a stockholder, and therefore it was taking the water for public service and the water was impressed with the public use. But the logical conclusion, if force is to be given to appellant's argument that the acquisition of this stock was *ultra vires* and void, is that plaintiff is under no legal compulsion to supply defendant with any water whatsoever, a logical and legal result far from that which defendant seeks.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.